J. S31031/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SHAWN MITCHELL WADSWORTH, | : | No. 1485 WDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, August 24, 2016,
in the Court of Common Pleas of Armstrong County
Criminal Division at No. CP-03-CR-0000218-2012

BEFORE:  PANELLA, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JUNE 15, 2017**

Shawn Michael Wadsworth appeals *pro se* from the August 24, 2016 order denying his serial PCRA[1] petition as untimely.  After careful review, we affirm.

The underlying facts and early procedural history of this case were summarized by both the PCRA court and a prior panel of this court and need not be reiterated here.  **See** PCRA opinion, 8/24/16 at 1-3; **Commonwealth v. Wadsworth**, 104 A.3d 54 (Pa.Super. 2014) (unpublished memorandum at 1).  Appellant filed the instant *pro se* PCRA petition, his fourth, on July 20, 2016.  On August 2, 2016, the PCRA court provided appellant with notice of its intention to dismiss his petition without

---
[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

a hearing, pursuant to Pa.R.Crim.P. 907(1). On August 8, 2016, appellant amended his PCRA petition and filed a handwritten 9-page appendix. Thereafter, on August 24, 2016, the PCRA court dismissed appellant's petition without a hearing. This appeal followed.

The record reflects that appellant's **pro se** notice of appeal was received by the clerk of courts on September 29, 2016, 36 days after the entry of the August 24, 2016 order dismissing his PCRA petition. Although appellant's notice of appeal appears to be untimely on its face, we conclude that the prisoner mailbox rule[2] applies to this case. Here, appellant's notice of appeal is dated September 23, 2016 and accompanied by a certificate of mailing indicating that it was deposited with prison authorities on that date. Accordingly, we deem the instant appeal to be timely.[3]

On appeal, appellant raises the following eight issues challenging the PCRA court's dismissal of his serial petition as untimely:

> 1. Did the [PCRA court] commit an abuse of
>    discretion and/or error of law when it failed to

---

[2] Under the prisoner mailbox rule, an appeal by a **pro se** prisoner is deemed filed on the date the prisoner deposits the appeal with prison authorities or places it in a prison mailbox, though the appeal is actually received after the deadline for filing an appeal. **See Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa.Super. 2011), **appeal denied**, 46 A.3d 715 (Pa. 2012).

[3] Although not ordered to do so, appellant filed a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), on September 29, 2016. On October 6, 2016, the PCRA court filed a Rule 1925(a) opinion wherein it references the 10-page memorandum that it filed in support of the August 24, 2016 order dismissing appellant's fourth PCRA petition. (**See** PCRA court Rule 1925(a) opinion, 10/6/16; PCRA court opinion, 8/24/16).

construe appellant's *pro se* pleadings liberally enough to have stated the valid claim(s) upon which he might prevail and/or consider them to be filed as the legal vehicle appropriate to be granted relief?

2. Did the [PCRA court] commit an abuse of discretion and/or error of law when it found appellant's petition, which it treated as a PCRA, to be untimely on its face and lacking in merit?

3. Did the [PCRA court] commit an abuse of discretion and/or error of law when it failed to vacate appellant's illegal conviction with its inherent authority, despite the inconsistency of the verdict?

4. Did the [PCRA court] commit an abuse of discretion and/or error of law when it failed to vacate appellant's illegal conviction with its inherent authority, despite the statutes of which he was convicted being repealed?

5. Did the [PCRA court] commit an abuse of discretion and/or error of law when it found that the repealed subsection of 42 Pa.C.S.[A.] § 9718 with which appellant was sentenced would not have been likewise found to be unconstitutional?

6. Did the [PCRA court] commit an abuse of discretion and/or error of law when it failed to vacate appellant's illegal sentence with its inherent authority, despite the mandatory minimum sentencing statutes used being facially unconstitutional, nonseverable (sic), and void?

7. Did the [PCRA court] err by failing to exercise its inherent authority to correct appellant's illegal conviction and sentence due to violations of his many significant constitutional rights implied but not directly cognizable?

>8. Is appellant legally innocent of the charges for which he was found guilty and incarcerated?

Appellant's brief at 4.

Before we address the merits of appellant's arguments, we must first consider the timeliness of appellant's PCRA petition because it implicates the jurisdiction of this court and the PCRA court. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted).

> To be timely, a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless the petition alleges and the petitioner proves one or more of the following statutory exceptions:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> 42 Pa.C.S.A. § 9545(b)(1).

*Commonwealth v. Marshall*, 947 A.2d 714, 719-720 (Pa. 2008) (some citations omitted). "[A]n untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at [42 Pa.C.S.A. § 9545] are met." *Commonwealth v. Lawson*, 90 A.3d 1, 5 (Pa.Super. 2014) (footnote omitted).

Instantly, appellant's judgment of sentence became final on December 8, 2012, 30 days after the trial court imposed its judgment of sentence and the time for filing a direct appeal with this court expired. *See* 42 Pa.C.S.A. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"). Appellant's instant PCRA petition, his fourth, was filed on July 20, 2016 and is patently untimely, unless one of the three statutory exceptions to the PCRA's one-year jurisdictional time-bar applies.

The crux of appellant's arguments on appeal is that the PCRA court erred in denying his petition as untimely because his sentence violated *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013), and this court's subsequent decision in *Commonwealth v. Wolfe*, 106 A.3d 800 (Pa.Super. 2014), *affirmed*, 140 A.3d 651 (Pa. 2016). (Appellant's brief at 16-18.) Appellant further posits that *Alleyne* and its progeny announced a

new constitutional right under Section 9545(b)(1)(iii) that applies retroactively. (*Id.* at 19-24.)

In *Alleyne*, the United States Supreme Court held that the Sixth Amendment requires that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S.Ct. at 2155 (citation omitted). Thereafter, in *Wolfe*, a panel of this court held that the version of mandatory minimum sentencing provisions set forth in 42 Pa.C.S.A. § 9718 that were in effect from January 1, 2007 until August 17, 2014, were unconstitutional in their entirety in light of *Alleyne* and subsequent decisions by this court. *Wolfe*, 106 A.3d at 806, citing, *inter alia*, *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014), *appeal denied*, 121 A.3d 496 (Pa. 2015) (*en banc*). Appellant maintains that because Section 9718 was invalidated by *Alleyne*, he is entitled to be resentenced without the application of any mandatory minimum sentencing provisions. (Appellant's brief at 16-24.) We disagree.

Instantly, appellant was sentenced on November 8, 2012, to an aggregate term of 5 to 10 years' imprisonment imposed after a jury found him guilty of two counts of failure to comply with registration of sexual offenders requirements.[4] *Alleyne*, in turn, was decided on June 17, 2013. Contrary to appellant's contention, this court has expressly rejected the

---

[4] 18 Pa.C.S.A. § 4915(a)(1) and (a)(3), respectively.

notion that **Alleyne** applies retroactively to cases on collateral review. **See Commonwealth v. Washington**, 142 A.3d 810, 814-815 (Pa. 2016) (holding that the **Alleyne** decision does not apply retroactively to collateral attacks upon mandatory minimum sentences advanced in PCRA proceedings). Accordingly, we agree with the PCRA court that **Alleyne** and its progeny do not apply retroactively to the instant matter, which was already at the PCRA review stage at the time **Alleyne** was decided. Additionally, the record further reflects that appellant was not sentenced to the mandatory minimum sentencing provisions set forth in Section 9718. Rather, appellant was sentenced pursuant to the now-repealed 42 Pa.C.S.A. § 9718.3(a)(1)(iii) and (iv). Accordingly, appellant's claim in this regard warrants no relief.

Lastly, even if any of remaining claims set forth in appellant's brief met the underlying requirements of Section 9545(b)(1), he still would not be entitled to any relief. (**See** appellant's brief at 11-16, 24-29.) Appellant has failed to demonstrate that he raised any of his claims within 60 days of the date the claim could have been presented, as required by Section 9545(b)(2). To fulfill the 60-day requirement, appellant needed to file his petition within 60 days from the date **Alleyne** was decided. **See Commonwealth v. Brandon**, 51 A.3d 231, 235 (Pa.Super. 2012) (concluding that, "the sixty-day period begins to run upon the date of the underlying judicial decision[,]" not the date appellant became aware of the

decision).  As noted, the Supreme Court's decision in **Alleyne** was filed on June 17, 2013, and appellant first raised an **Alleyne** issue in his untimely third petition filed on October 17, 2014.  Appellant's instant PCRA petition, in turn, was filed 21 months later on July 20, 2016.  Thus, appellant's petition is untimely on this basis as well.

Accordingly, we find no error on the part of the PCRA court in dismissing appellant's fourth petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2017